IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 04-234 |
| | ) | See Civil Action No. 08-1149 |
| JONATHAN JONES, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

MEMORANDUM OPINION

BLOCH, District J.

Petitioner, on August 18, 2008, filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 68) and brief in support thereof (document No. 70). Upon consideration of this motion, and upon further consideration of the Government's response thereto (document No. 74), filed on October 15, 2008, and Petitioner's "Response to Government's Brief Pursuant to Title 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence" (document No. 76), filed on January 8, 2009, the Court denies Petitioner's motion for the reasons set forth below.

I.  **Background**

On September 15, 2004, an indictment was returned by a grand jury charging Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment also alleged that Petitioner used the firearm charged in Count One in connection with other felonies under Pennsylvania law, specifically, aggravated assault and recklessly endangering another person. (Document No. 1). Petitioner's trial on this charge commenced on

1

October 3, 2005, in the United States District Court for the Western District of Pennsylvania. On October 4, 2005, the jury returned a guilty verdict, and the Court ordered a presentence investigation report ("PIR") to be prepared. (Document Nos. 44, 46).

The Probation Officer, in the PIR, determined that Petitioner's base offense level was 24 and that he was subject to a two-level enhancement pursuant to USSG § 3C1.1 for obstruction of justice and a four-level enhancement for using the firearm in connection with other felonies pursuant to USSG § 2K2.1(b)(5). Accordingly, the Probation Officer found Defendant's total offense level to be 30. After objections were filed by the parties, the Court, on March 6, 2006, issued its Tentative Findings and Rulings Concerning Disputed Facts or Factors, confirming the findings in the PIR and rejecting the arguments raised by Petitioner pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), in which he argued that his sentencing range was improperly enhanced based on facts not admitted or found by a jury. (Document No. 50). On March 9, 2006, the Court sentenced Petitioner to 120 months' imprisonment, which was the statutory maximum, to be followed by three years' supervised release. (Document No. 52).

Petitioner subsequently appealed and challenged his conviction, raising several arguments before the Third Circuit Court of Appeals, including, inter alia, that this Court violated his Sixth Amendment rights by increasing his sentence beyond the range of punishment of the base offense level of the Guidelines based on facts which were not reflected in the jury verdict or admitted by Petitioner and that the Court abused its

discretion in enhancing his sentence pursuant to Sections 2K2.1(b)(5) and 3C1.1 by finding that the facts at trial supported the finding that Petitioner possessed the firearm at issue in connection with another felony and that he obstructed justice by committing perjury during his trial testimony. On June 12, 2007, the Third Circuit affirmed Petitioner's conviction and the findings of the District Court.

On August 18, 2008, Petitioner, acting pro se, filed the present motion pursuant to 28 U.S.C. § 2255. The Court will address the claims raised in this motion below.[1]

## II.    Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Petitioner brings his pro se motion pursuant to 28 U.S.C. § 2255. This statute permits a "prisoner in custody under sentence of a

---

[1] On August 21, 2008, the Court, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. Since Petitioner has never responded to this order, the Court proceeded to consider his motion as filed.

3

court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence." An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Petitioner raises two issues in his motion. First, he argues that his Fifth and Sixth Amendment rights and due process rights were violated by the enhancement of his sentence pursuant to USSG §§ 2K2.1(b)(5) and 3C1.1 because these issues were never presented to the jury, nor were the facts supporting these enhancements ever found by a jury. As part of this argument he argues that the Court engaged in improper fact-finding. Second, he argues that the Court erred in its instructions to the jury regarding Petitioner's affirmative defense of justification. However, the Court finds no merit in either of Petitioner's claims and finds that the record conclusively shows that he is not entitled to relief under Section 2255 on any of the grounds he alleges.[2]

The first issue raised by Petitioner was previously brought not only before this Court, in his objections to the PIR, but also before the appellate court. Indeed, he acknowledges this in his motion. As discussed above, the Third Circuit, on direct appeal, held that this Court did not violate Apprendi, Blakely, or Booker by failing to submit the

---

[2]   Since the record itself conclusively shows that Petitioner is not entitled to relief, no evidentiary hearing is necessary.

enhancements pursuant to Sections 2K2.1(b)(5) and 3C1.1 to the jury and making findings of fact regarding the enhancements by a preponderance of the evidence and that the Court had sufficient evidence to support its findings. Because the issue raised here, therefore, has been previously decided on appeal, Petitioner cannot relitigate the claim in a Section 2255 motion. Absent exceptional circumstances, such as an intervening change in the governing substantive law, absent here, Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted). See also United States v. Pelullo, 2008 WL 5432635, at *3 (3d Cir. Jan. 5, 2009); Davis v. United States, 417 U.S. 333 (1974) (intervening change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255 after unsuccessful litigation of the issue on direct appeal). Accordingly, the Court need not address the merits of Petitioner's first issue.[3]

Likewise, the Court does not reach the merits as to the second issue raised by Petitioner, as this claim is procedurally defaulted because the issue could certainly have been raised on direct appeal. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice

---

[3] The Court does note that it did rule on this very issue in issuing its Tentative Findings in this case and that, were it to reach the merits, it would again find against Petitioner for the same reasons. See United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007).

5

has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)); Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997). See also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate cause and prejudice. See Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"); Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted).[4]

"In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim.'" Essig, 10 F.3d at 979 (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)). Here, Petitioner fails to set forth any basis for his failure to raise his claim regarding

---

[4] An exception to the procedural default rule is that a defendant need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel. See DeRewal, 10 F.3d at 104-05. Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). However, no ineffective assistance of counsel claim has been raised here.

6

the jury instructions relating to the affirmative defense of justification on appeal, and therefore, this basis for relief must be denied.[5]

### III. Conclusion

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253 (c) (2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.[6]

An appropriate Order will be issued.

                                                   *DS Cercone*
                                       United States District Judge
                                       (For Judge Alan N. Bloch)

Dated:     March 23rd, 2009

ecf:      Counsel of record

cc:       Jonathan Jones
           #08543-068
           LSCI Allenwood
           P.O. Box 1000
           White Deer, PA 17887-1000

---

[5] In his Response, Petitioner attempts to argue that he did not have to raise this argument before this Court at the time of trial to preserve the issue for direct appeal or collateral review. However, that is not the issue here - the issue is whether he could have raised his issue on direct appeal, not at trial. As noted, he indicates no reason why he could not.

[6] It is further noted that contrary to the contentions in Petitioner's Motion for Summary Judgment (document No. 75), the record indicates that the Government's response to Petitioner's motion was timely filed.